IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DREAMA PAYNE,

          Plaintiff,

v.                                                                                          CIVIL ACTION NO.  2:05-cv-00293

GREEN TREE SERVICING,
a Delaware limited liability corporation,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion for partial summary judgment [Docket 23]. The plaintiff states that she does not oppose summary judgment with respect to her common law claims of fraud, outrage, and intentional infliction of emotional distress. As a result, the court **GRANTS** the defendant's motion for partial summary judgment with respect to the common law claims of fraud, outrage, and intentional infliction of emotional distress. The remaining claims in the Complaint are a claim for negligence and a claim pursuant to West Virginia Code Section 46A-5-101(1) for violating provisions of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). The defendant also moved for summary judgment on the WVCCPA claim.

**I.**     **Factual Background**

The plaintiff, Dreama Payne, is a Poca, West Virginia homeowner that allowed Jackie Creasey Sr., her ex-husband, Carrie Creasey, her daughter-in-law, and Jackie Creasey Jr., her son, to move into a mobile home on her property and live there in 2001. The Creaseys purchased the mobile home from Conseco Finance Servicing Corporation, now known as Green Tree Servicing,

the defendant. Jackie Creasey Sr., Carrie Creasey, and Jackie Creasey Jr. used Ms. Payne's phone to contact the defendant about debt payments. Additionally, Ms. Payne also contacted the defendant about a half dozen times concerning the Creaseys' debt payments. Accordingly, the defendant began calling Ms. Payne's residence to contact the Creaseys regarding their debt payments.

In July 2004, Ms. Payne became aggravated with these calls from the defendant. She asked the defendant to stop making calls to her residence but the defendant continued. In August 2004, she again asked the defendant to stop calling her residence and informed the defendant that she had retained an attorney. Because the defendant kept calling her residence, Ms. Payne eventually had her phone number changed. After changing her number, however, Ms. Payne allowed Jackie Creasey Jr. to call the defendant concerning his debt payments. The defendant obtained Ms. Payne's new number on caller identification when her son made this call and resumed calling Ms. Payne's residence regarding the debt.

Ms. Payne filed suit against the defendant in the Circuit Court of Kanawha County on January 27, 2005. The Complaint alleges fraud, outrage, intentional infliction of emotional distress, negligence, and violations of the WVCCPA. The defendant removed the case to federal court on April 8, 2005.

## II.     Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III. Discussion

The defendant claims that the court should grant summary judgment in its favor on the WVCCPA claim because Ms. Payne does not have standing to sue under the act. The defendant asserts that only a consumer can sue under the WVCCPA and that Ms. Payne is not a consumer under the act. Ms. Payne argues that she does have standing under the WVCCPA. First, she claims that interpreting the statutory scheme not to allow her to recover would go against the intent of the legislature. Second, she claims that an implied cause of action exists under the WVCCPA pursuant to *Jenkins v. J. C. Penny Cas. Ins. Co.*, 280 S.E.2d 252 (1981). Finally, Ms. Payne argues that even if the WVCCPA provisions do not allow her to sue as a consumer, she can recover pursuant to West Virginia Code Section 55-7-9, which states, "[a]ny person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation . . . ."

The provision creating a private cause of action under the WVCCPA is West Virginia Code Section 46A-5-101(1) (2004), which states:

> If a creditor has violated the provisions of this chapter applying to . . . any prohibited debt collection practice . . . , the consumer has a cause of action to recover actual damages and in addition a right in an action to recover from the person violating this chapter a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars.

The term "consumer" is defined in West Virginia Code Section 46A-5-102(12) as "a natural person who incurs debt pursuant to a consumer credit sale or a consumer loan, or debt or other obligations pursuant to a consumer lease." Viewing the facts in the light most favorable to the plaintiff, Ms. Payne clearly is not a consumer pursuant to the WVCCPA. She is not in debt to the defendant, nor has the defendant ever accused her of being indebted to it. Accordingly, Ms. Payne does not have an express cause of action under the WVCCPA.

Ms. Payne claims, however, that the intent of the legislature would be defeated if this court does not allow her to sue under the WVCCPA. Specifically she cites to West Virginia Code Section 46A-2-125 which prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number." She alleges that the defendant's actions constitute a violation of this statute because the statute prohibits the debt collector from engaging "any person" in this conduct. Accordingly, she argues that the applicability of this statute to "any person" would be "meaningless or useless" if the court allows only "consumers" to recover under the WVCCPA.

Nevertheless, this argument fails because other methods exist that validly can enforce the statute's prohibition of this type of conduct to nonconsumers. For example, a nonconsumer can file

a complaint with the Consumer Protection Division of the Attorney General Office. Section 46A-7-103 of the West Virginia Code allows the Attorney General to "pursue any investigation, prosecute any suit and take any other proper action relating to the enforcement of any consumer protection provision in [the WVCCPA]." Moreover, because the West Virginia Supreme Court of Appeals has stated that a violation of any statute is a prima facie case of negligence, a nonconsumer can bring an action against a debt collecting company under a negligence theory. *Anderson v. Moulder*, 394 S.E.2d 61, 66-67 (W. Va. 1990). Accordingly, Ms. Payne's claim that limiting suit under the WVCCPA to "consumers" would render the application of West Virginia Code Section 46A-2-125 to nonconsumers "meaningless or useless" is without merit.

Ms. Payne also claims that the court should allow her to sue the defendant under the WVCCPA because an implied cause of action exists. The West Virginia Supreme Court of Appeals has articulated a four-factor test to determine whether an implied cause of action exists. *Jenkins*, 280 S.E.2d at 254. Courts should apply the following factors to determine if a statute implies a private cause of action:

> (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively for the federal government.

*Id.* The second factor causes Ms. Payne's argument to encounter the most difficulty. The use of the word "consumer" instead of "any person" in the provision that creates a private cause of action indicates that the legislature intended to limit the ability to sue under the act to those who actually incurred debt. If the legislature wished to create a cause of action for "any person" as Ms. Payne claims, it would have simply used the phrase "any person" instead of the word "consumer" as it did

in West Virginia Code Section 46A-2-125. This interpretation is logically consistent. While the legislature may have wanted to prohibit excessive calls to those who were not "consumers" as defined by the act, it also wanted to limit recovery under the act to actual "consumers" because "consumers" are the class of people most likely to be harmed by violations of the WVCCPA. Thus, the court finds that creating an implied cause of action for nonconsumers under the WVCCPA is not consistent with the express language of the WVCCPA.

Ms. Payne's final argument is that West Virginia Code Section 55-7-9 allows her to recover if she can prove the defendant violated a provision of the WVCCPA. "Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation . . . ." W. Va. Code § 55-7-9. The West Virginia Supreme Court of Appeals interprets this statute to establish prima facie evidence of negligence when a statute is violated. *Anderson*, 394 S.E.2d at 67 (W. Va. 1990). Because Ms. Payne's Complaint alleges negligence, she would be able to recover if she can prove that the defendant violated the statute and that the violation was the proximate cause of her alleged damages. Accordingly, the court **GRANTS** the defendant's motion for summary judgment with respect to the WVCCPA claim because Ms. Payne is not a "consumer" as defined by the act.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                                   ENTER:      March 7, 2006

                                                   JOSEPH R. GOODWIN
                                                  UNITED STATES DISTRICT JUDGE